**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4045

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALEB KENYETTA SHEFFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00029-WO-1)

Submitted:  July 30, 2024                               Decided:  August 8, 2024

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caleb Kenyetta Sheffield was convicted after a jury trial of possession of a machinegun, in violation of 18 U.S.C. §§ 922(o), 924(a)(2). The district court sentenced him to 48 months' imprisonment. On appeal, Sheffield disputes several of the district court's evidentiary rulings. Specifically, he challenges the district court's exclusion of evidence under Fed. R. Evid. 404(b) he proffered to show that a different individual possessed the machinegun, arguing that the court misapplied the relevant evidentiary standards. Sheffield also contests the district court's admission of videos of him rapping music and lawfully using firearms at a gun range, arguing that this evidence was not relevant but that, regardless, any probative value was outweighed by the videos' prejudicial impact. Finding no reversible error, we affirm.

We review a district court's "ruling[s] on the admissibility of evidence for abuse of discretion," viewing the "evidence in the light most favorable to the proponent[ and] maximizing its probative value and minimizing its prejudicial effect." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) (internal quotation marks omitted). Thus, "[w]e will overturn an evidentiary ruling only if it is arbitrary and irrational . . . ." *Id.*

Further, "under Federal Rule of Criminal Procedure 52(a), [if] we determine that the district court erred, we will not vacate the conviction if the error was harmless." *United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020). "An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted).

2

Rule 404(b) prohibits admission of bad-acts evidence to show a person's propensity to act a certain way, Fed. R. Evid. 404(b)(1), but permits admission of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2). "Rule 404(b) usually applies to the government's introduction of evidence against a defendant; however, it can also apply in the opposite direction where a defendant wishes to introduce evidence against a third party to exculpate himself." *United States v. Daniels*, 932 F.3d 1120, 1124 (8th Cir. 2019). "Colloquially[,] . . . such evidence is referred to as reverse 404(b) evidence." *United States v. Sanders*, 708 F.3d 976, 992 (7th Cir. 2013) (internal quotation marks omitted); *see United States v. Myers*, 589 F.3d 117, 123-24 (4th Cir. 2009) (recognizing reverse 404(b) evidence). To be admissible, Rule 404(b) evidence must be relevant, necessary, and reliable. *Brizuela*, 962 F.3d at (internal quotation marks omitted).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[R]elevance typically presents a low bar to admissibility." *United States v. Hart*, 91 F.4th 732, 742 (4th Cir. 2024) (internal quotation marks omitted). "Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *Id*. (internal quotation marks omitted). However, "[a] district court 'may exclude relevant evidence if its probative value is *substantially outweighed* by the danger of . . . unfair prejudice." *Id.* (quoting Fed. R. Evid. 403).

"[W]hen considering whether evidence is unfairly prejudicial, damage to a defendant's case is not a basis for excluding probative evidence because evidence that is

3

highly probative invariably will be prejudicial to the defense." *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (internal quotation marks omitted). "Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Hart*, 91 F.4th at 743 (cleaned up). Thus, under Rule 403, relevant "evidence is inadmissible when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *Id.* (cleaned up). "We will not overturn a Rule 403 decision except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused." *Id.* (internal quotation marks omitted).

Based on these standards and our review of the trial testimony, we discern no abuse of discretion in the district court's admission of the videos of Sheffield, as they were relevant to both Sheffield's conduct and knowledge. Furthermore, the probative value of the evidence was not outweighed by any prejudice the evidence may have had, particularly in light of the district court's limiting instruction to the jury.

Likewise, we discern no abuse of discretion in the district court's decision to exclude images of rap lyrics about a Glock with a switch that were purportedly written by another individual. Defense counsel argued that the lyrics should be admitted to show "that rap lyrics are not accurate." J.A. 973. But without context establishing that whoever wrote the lyrics did not previously possess a Glock with a switch, the lyrics are not relevant for that purpose.

4

The district court did err by concluding that the excluded photographs of other firearms proffered by Sheffield were irrelevant to his theory that a different individual possessed the machinegun. The images tended to show that another person previously possessed firearms similar to those found in the car from which the machinegun was recovered. While the machinegun is not depicted in any of the excluded images, the images support the argument that another person who could have possessed the machinegun had comfort and familiarity with weapons like the machinegun, which tends to make it more likely that this third party possessed the machinegun. The images were therefore relevant.

However, the district court's exclusion of the images was harmless. The government presented DNA evidence linking the machinegun to Sheffield and excluded the other individual Sheffield claimed to have possessed the machinegun. The government also presented evidence showing that the gun was located on the side of the car from which Sheffield fled. And while the district court excluded two photos of the other individual holding guns, it admitted into evidence a different photo of the individual holding a gun. The photos the district court excluded were months old, while the photo it admitted had been taken just two days before the incident with the machinegun. Because the other photos would therefore have been merely cumulative, it is unlikely that the jury would be substantially swayed by the additional photographs.

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5